# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MARCIA THOMAS,**

    **Plaintiff,**

**vs.**                                                               **Case No. 4:25cv138-RH-MAF**

**CAPITAL HCA HOSPITAL, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Pro se Plaintiff Marcia Thomas was previously required to file a second amended complaint by May 20, 2025. ECF No. 7. When Plaintiff failed to do so in timely fashion, a Report and Recommendation was entered on May 30, 2025, recommending this case be dismissed for failure to prosecute. ECF No. 9. On June 3rd, Plaintiff filed her second amended complaint. ECF No. 10.

Although Plaintiff did not file a separate motion to accept the pleading as timely filed or otherwise explain why she did not meet the deadline provided, Plaintiff's second amended complaint, ECF No. 10, will be

accepted and reviewed. In light thereof, the prior Report and Recommendation is vacated.

Notably, Plaintiff filed six cases in this Court this year; she also had one case still pending from 2024 when initiating new cases.[1] Because Plaintiff previously sought to sue the HCA Capitol Hospital in case number 4:25cv09-MW-MAF, she has already been advised of the primary deficiencies with this case. Thus, after review of Plaintiff's initial complaint, ECF No. 1, and her first amended complaint, ECF No. 5, orders were entered reminding Plaintiff that her claims were insufficient. ECF No. 4, 7.

In January 2025, Plaintiff filed case number 4:25cv09-MW-MAF, attempting to bring claims against the Hospital and numerous nurses, physicians, and staff. She asserted claims of gross negligence, medical malpractice, intentional infliction of emotional distress, a conspiracy to commit fraud, and alleged violations of her "federally protected

---

[1] In addition to this case, Plaintiff filed: (1) case # 4:24-cv-380-MW-MAF, filed on 09/20/24 and closed on 01/10/25; (2) case # 4:25-cv-09-MW-MAF, filed on 01/07/25 and closed 05/06/25; (3) case # 4:25-cv-027-MW-MAF, filed on 01/17/25 and closed on 03/21/25; (4) case # 4:25-cv-98-AW-MAF, filed on 03/04/25; (5) case # 4:25-cv-157-MW-MAF, filed on 04/08/25; (6) case # 4:25-cv-190-MW-MJF, filed on 04/23/25.

constitutional rights." *See* ECF No. 10 at 1 of that case. The case was dismissed for failure to state a claim. ECF Nos. 11, 13-14.

The Report and Recommendation entered in that case explained to Plaintiff that "to state a claim under § 1983, Plaintiff must allege facts which show that two things - that "Defendants' actions or omissions were 'done under color of state law' and deprived her of a right protected by the Constitution of the United States." ECF No. 11 (quoting <u>Emory v. Peeler</u>, 756 F.2d 1547, 1554 (11th Cir. 1985)). Plaintiff's complaint suffered from both deficiencies - the Defendants were not state actors and the complaint failed to alleged a constitutional deprivation. *Id.*

Despite the Orders entered in that case, Plaintiff initiated this second case against the Hospital on March 26, 2025.[2] Plaintiff was advised once again at the outset that to bring a § 1983 complaint, Plaintiff must name a "state actor" as a Defendant, and she must present factual allegations

---

[2] Plaintiff filed this case on the same day a Report and Recommendation was entered in her prior case. *See* ECF No. 7 of case 4:25cv09. However, because Plaintiff filed a motion requesting leave to file a second amended complaint in that case, ECF No. 8, her motion was granted and the Report and Recommendation was rejected. ECF No. 9. A month later, her second amended complaint, ECF No. 10, was reviewed an a Second Report and Recommendation was entered. ECF No. 11. That Report and Recommendation was adopted, ECF No. 13, and the case dismissed on May 6, 2025.

Case No. 4:25cv138-RH-MAF

Page 4 of 6

which show either that a federal law has been violated or that her constitutional rights were violated.   ECF No. 4 at 3-5.

Despite several opportunities to amend, and a warning as to the obstacles she faces, Plaintiff has once again submitted a civil rights complaint which attempts to sue 24 Defendants, none of whom are alleged to have acted under "color of state law" as required by 42 U.S.C. § 1983. Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)).  Plaintiff's second amended complaint, ECF No. 10, presents vague and conclusory allegations of crimes having been committed against her at the Hospital on December 23, 2019.  *Id.* at 8.  She claims her medical records have been altered and makes other conclusory allegations against staff members, medical providers, and technicians.  None of those allegations need be discussed in detail because there is a fatal flaw - none of the Defendants are "state actors."  They are private hospital employees and were not acting "under color of state law."

In addition to failing to state a claim under § 1983, Plaintiff's complaint is a typical "shotgun pleading" which the Eleventh Circuit has consistently condemned.  Plaintiff's second amended complaint "is guilty of

the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Weiland v. Palm Beach Cty. Sheriff's Off.</u>, 792 F.3d 1313, 1322 (11th Cir. 2015). Furthermore, Plaintiff asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." <u>Weiland</u>, 792 F.3d at 1323; *see* ECF No. 10 at 21-22. Plaintiff's complaint fails to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." 792 F.3d at 1323. Because Plaintiff has already been provided multiple opportunities to file a viable complaint which states a plausible claim, there is no need to extend further opportunities to amend. This case should be summarily dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's untimely second amended complaint, ECF No. 10, is accepted.

2. The Report and Recommendation, ECF No. 9, is **VACATED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim and because it is a shotgun pleading.

**IN CHAMBERS** at Tallahassee, Florida, on June 5, 2025.


  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**